## SILAS H. LEGG, ADMINISTRATOR,
## v.
## THE CITY OF BLOOMINGTON.

*Municipal Corporations—Negligence of—Recovery for—New Trial.*

1. If the plaintiff in an action to recover for damages, alleged to have been occasioned through the negligence of another, can prove that other accidents had been caused by the defect in question when in the condition that existed when the accident occurred, such evidence is admissible as tending to establish the charge that the defect existed, and was likely to produce injury in the way alleged.

2. In the case presented, this court holds that the trial court erred in refusing the plaintiff a new trial on the ground of newly discovered evidence.

[Opinion filed June 12, 1891.]

IN ERROR to the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. JAMES S. EWING and JOHN T. LILLARD, for plaintiff in error.

Mr. SAIN WELTY, for defendant in error.

WALL, J. After carefully considering the various points made in this case, we are of the opinion that it was error to refuse a new trial on the ground of newly discovered evidence. The testimony of the witness Hall would, if true, conclusively settle the very important point that the horse caught his bridle upon the projecting spout, as to which there was no testimony. The evidence would be not merely cumulative—it would be conclusive.

There was no want of diligence to ascertain the existence of the evidence. All ordinary and reasonable effort was made for months before the trial, and the plaintiff had no apparent ground for a continuance. We think the facts set up in the three affidavits entitled the plaintiff to a new trial.

Much stress is laid, in appellant's brief, upon the refusal of the court to permit proof that other accidents had occurred in the same way.

There was some evidence tending to show that about one month before this occurrence the spouts had been changed by taking off the "elbows," but this was not entirely free from conflict. If the plaintiff could prove that other accidents had been caused by the spouts when in the condition they were in at the time of the accident in question, we think the evidence would be competent as tending to establish the charge that the spouts were dangerous and likely to produce injury in the very way here alleged. But such proof should be confined to the period when the fountain was in the same condition as at the time of this accident.

Various other points, argued with more or less confidence in appellant's brief, need not be noticed in the general view we take of the case. Whatever of substance there may be in them we do not consider the objections sufficient to reverse the case, and the court, on another trial, will no doubt make any corrections that may be necessary.

*Reversed and remanded.*