City of Bloomington v. Legg.

---

## City of Bloomington v. Legg, Administrator, etc.

1. *Personal Injuries—Evidence of Other Accidents—Changed Conditions.*—A person was fatally injured at a public fountain, as was claimed, by reason of its defective construction. His administrator was allowed to prove the occurrence of other accidents at the same place without

# 460    APPELLATE COURTS OF ILLINOIS.

showing that the fountain was in the same condition as it was when the deceased was injured, it appearing that a change had been made in the condition of the fountain. The change consisted in removing the elbows from the ends of projecting spouts. *It was held*, that how far the removal of the elbows worked a material and substantial change in the condition of the fountain was a question of fact for the jury, under proper instructions, to say whether the fountain continued dangerous after the change.

2. *Action for Injuries—Previous Accidents—Evidence of, When Competent.*—Where, upon the trial of an action for personal injuries resulting from the defective construction of a public fountain, evidence of other accidents, without proof that the fountain was in the same condition as when the injuries complained of were received, upon assigning the same for error, *it was held*, that if the evidence of previous accidents was admitted as tending to show that the condition of the fountain was dangerous, it would be necessary to show that the condition of the fountain at the time of such accidents was substantially the same as when the accident in question occurred; but if it was admitted for the purpose of showing that the city had notice of the defective construction of the fountain, then somewhat different considerations were involved. From the fact that accidents frequently occurred, the city would be presumed to know that this was dangerous, and was called upon to obviate the difficulty and remove the cause of the trouble; and if an effort was made in that direction, it would be a question of fact for the jury, under proper instructions, as to how much diligence was shown and what was thereby accomplished.

3. *Evidence—Introduction, Objection and Exceptions.*—Where evidence is offered and the opposite party objects, and the court overrules the objection, an exception must be taken to the ruling of the court if the party, deeming himself prejudiced thereby, desires to assign the ruling of the court for error on appeal.

4. *Evidence—Precautions after an Accident.*—Evidence of precaution taken after the occurrence of an accident is apt to be interpreted as an admission of negligence and should not be admitted.

Memorandum.—Action for personal injuries resulting in death. Appeal from a judgment rendered by the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 31, 1892.

## APPELLEE'S STATEMENT OF THE CASE.

The deceased, Silas M. Legg, lost his life, as was claimed, by the negligence of the city of Bloomington; his father, as administrator, sued the city in this action for the resultant

damages. The negligence complained of consisted in this : In connection with its public waterworks the city erected a drinking fountain for horses on its principal street, and provided gas pipes in the fountain protruding, to conduct the water into the basin where horses were to drink. These iron pipes stuck out over the drinking basin several inches, so that horses in drinking would catch their bridles or harness, and by pulling off the bridles, or breaking bridles or harness, would be frightened and run off. The pipes should have been sawed off smooth or even with the body of the fountain, and this would have thrown the water into the basin without spouts.

### Appellant's Brief.

It was error to permit plaintiff to show that other accidents had occurred on account of the fountain spouts. Hodges v. Bearse, 129 Ill. 87 ; P. & P. U. Ry. Co. v. Clayberg, Admr., 107 Ill. 644; 1 Greenleaf's Ev., Sec. 52 ; Darling v. Westmoreland, 52 N. H. 401.

It was error to permit plaintiff to show that other accidents had occurred on account of fountain spouts when they were not in the same condition as they were when the accident in question took place. Legg, Admr., v. City of Bloomington, 40 Ill. App. 185.

It was improper to show that the spouts were removed by the city immediately after the accident. The city had the right to cut the spouts off after the accident, and the same could not be used against it on the trial. Hodges v. Percival, 132 Ill. 53 ; Shinners v. Proprietors of Locks, etc., 28 N. E. Rep. (Mass.) 10 ; Corcoran v. Peekskill, 108 N. Y. 151 ; Nalley v. Carpet Co., 51 Conn. 524 ; Railroad Co. v. Clem, 123 Ind. 15; Hudson v. Railway Co.; 59 Iowa, 581.

T. C. Kerrick and Sain Welty, of counsel.

J. P. Lindley, city attorney.

### Appellee's Brief.

Appellant's complaint is *res indicata* under the rule of our

Supreme Court, that it is too late to question the merits of a case when that issue has been once settled by the Court of Appeals.   Smith v. Brittenham, 94 Ill. 624; Rising v. Carr, 70 Ill. 596.

It was not error to permit appellee to show that other accidents had occurred on account of these fountain spouts. City of Chicago v. Powers, 42 Ill. 173; Ottawa Gas Co. v. Graham, 35 Ill. 346; C. & N. W. Ry. v. Hart, 22 Ill. App. 207–210; City of Aurora v. Brown, 12 Ill. App. 122–131; District Columbia v. Armes, 107 U. S. 525; G. T. R. R. Co. v. Richardson, 91 U. S. (1 Otto), 470; Delphi v. Lowrey, 74 Ind., top p. 524; City Topeka v. Sherwood, 39 Kas. 695–696; Morse v. M. & St. L. Ry. Co., 30 Minn. 471–472; City Ft. Wayne v. Coombs, 107 Ind. 87–88.   Also: Quinlan v. City Utica, 11 Hun (N. Y.), 217; Kent v. Town Lincoln, 32 Vt. 591–597; Walker v. Westfield, 39 Vt. 250; House v. Metcalf, 27 Conn. 636; Hoyt v. Jeffers, 30 Mich. 190; Darling v. Westmoreland, 52 N. H. 403–404; Smith v. O. C. & N. R. R. Co., 10 R. I. 27.

JAMES S. EWING and JOHN T. LILLARD, attorneys for appellee.


OPINION OF THE COURT.

This case was here at a former term, 40 Ill. App. 185. The last trial resulted in a verdict for plaintiff for one thousand dollars, upon which the court rendered judgment, from which the city has prosecuted an appeal.   Complaint is made that the court allowed plaintiff to prove other accidents, without proof that the fountain was in the same condition as when the deceased was hurt, and in one or more instances when the witness said the condition was different.

The change consisted in removing the elbows from the ends of the projecting spouts.   How far this worked a material and substantial change was a question of fact and it was for the jury to say whether the fountain continued dangerous after the change.   It seems quite clear that

these elbows were removed before the accident in question, though the time when this was done is not exactly shown. According to the evidence of Alderman Smith, it was shortly after the middle of August, and the accident occurred on the 10th of September, while at least two witnesses for plaintiff testify the elbows were there as late as a week or ten days before the accident. If the evidence of previous accidents was admitted as tending to show the condition was dangerous, it would, of course, be necessary to show the condition was substantially the same.

If the object was to establish notice to the city, somewhat different considerations are involved. From the fact that accidents frequently occurred, the city would be presumed to know that there was danger, and therefore it was called upon to obviate the difficulty and remove the cause of trouble. If it made an effort in that direction it would still be a question of fact as to how much diligence was shown and what was thereby accomplished. If, such notice having been received, the city made a change that proved insufficient to remedy the evil, it would also be a question of fact as to how far proper judgment and caution had been used, and whether due care had been taken to ascertain that the change was efficient for the purpose.

Unless the court could judicially say that the removal of the elbows did substantially and materially change the situation, it could not entirely exclude the offered evidence as to such other accidents. It appears that in every instance where the objection was made, the court distinctly ruled in the presence of the jury, that proof of accidents when the condition was different from that when the deceased was hurt should not prejudice the city, and the evidence was admitted with that qualification, and that the jury were to determine whether the conditions were like or unlike; and in the sixth instruction given for the defendant the jury were advised in plain terms that they were not to regard any testimony as to accidents at times when the spouts were in a condition materially different from that at the time of the accident causing the injury complained of, and that the

question was, what was the condition of the fountain and spouts at that time ?

Thus it seems that the court was careful to impress upon the jury that, unless the fountain at the time of the accident to the deceased was dangerous, the city was not liable. After fully considering the proofs in the light of the rulings of the court when admitting the evidence, and of the very elaborate instructions given at the instance of the defendant, we are convinced that there was no occasion for the jury to be in doubt, much less to be misled on this point. It is urged, also, that the court erred in allowing proof that the city made another change by sawing the spouts off, after the deceased was hurt.

This came out upon the cross-examination of the witness Popple. After the plaintiff had examined him in chief, the attorney for the city proceeded to cross-examine him as to the condition of the spouts before the accident, and in answer to the fifth of these questions, he repeated the statement that he did not remember when the change by removing the elbows was made, but he did remember that after the accident the spouts were cut off.

Counsel for the city moved to exclude this answer, but the court overruled the motion.

No exception was saved to this ruling and the cross-examination proceeded. Afterward, on re-direct examination, counsel for plaintiff asked witness when the spouts were sawed off, and repeated the question, eliciting the reply that it was after the accident. The record shows that counsel for defendant objected, but being overruled, saved no exception, so that the strictly considered point can not now be urged.

As was said in Hodges v. Percival, 132 Ill. 53, "evidence of precautions taken after an accident is apt to be interpreted as an admission of negligence," and should not be admitted ; but as was also said in that case, it is not every error committed by a trial court that will justify a reversal of the judgment.

The jury were distinctly instructed that unless they found the spout was not reasonably safe at the time of the acci-

City of Bloomington v. Legg.

dent, the plaintiff could not recover, and in view of all the evidence we feel that it would not comport with justice to reverse this judgment on this point alone if it were fairly before us.

Objection is urged to the action of the court in giving the second and also the last instruction for the plaintiffs. As to the second instruction the point made is, that it required the city to make the fountain *safe*, when a reasonable degree of safety is all the law prescribes—meaning to say, probably, that a reasonable effort to make it safe was all that was necessary. On turning to the instruction we think it so worded, when all read together, as to signify just what counsel think it should, and that the use of the word "safe" is in such a connection when not so read as to limit rather than extend the city's duty—so that there was in that respect nothing of which the city can complain. As to the last instruction the point is, that it singled out and gave undue prominence to the matter of the spouts, and ignored other important facts, and particularly that it omitted reference to the duty of the deceased to exercise due care.

We think this criticism too refined. The clear object of the instruction was not to state the grounds of liability. Nothing of the sort was assumed, but its whole scope was, that if the spout was dangerous at the time of the accident, and was known to be so by the city, or might have been, etc., etc., then the fact of removing the elbows at some previous time would not relieve the city.

An objection is made, also, as to the modification of the defendant's sixth instruction. The record fails to show that the court did, in fact, modify said instruction. The brief contains a statement that the last sentence was added by the court. If so, we can not see that the defendant was injured, as the addition seems only to strengthen the point already stated, and to make the proposition more emphatic. It does not assume or lead to the inference, as counsel seems to argue, that it was the only point in the case, and does not bear that construction.

It is urged, finally, that the fountain was in a reasonably safe condition.

We have carefully examined the abstract, and have read from the record whenever there seemed occasion to do so, and while it may be conceded that practical men might reach opposite conclusions on the main questions of fact, yet we think there is enough to support the view that the condition of the spouts was the proximate cause of the injury; that the city had knowledge thereof, and was negligent in that regard, and that the deceased exercised ordinary care.

At least the tendency of the proof on all these points is so strong, that according to well established rules, we can not interfere with the judgment on that ground. Affirmed.